UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENISE HUGHES,

    Plaintiff,

v.

REGION VII AREA AGENCY
ON AGING, a Public Non-profit
Corporation; BRUCE KING, Individually
and as Executive Director of Region VII
Area Agency on Aging; DREW ORVOSH,
Individually and as Assistant Director of
Region VII Area Agency on Aging;
jointly and severally,

    Defendants.
_____/

CASE NO: 04-CV-10355-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER ON PLAINTIFF'S RENEWED MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
(Dkt. 58)

    Pending, pursuant to an Order of Reference from United States District Judge David Lawson, is the above-entitled motion. Defendants have filed a response opposing the motion (Dkt. 61), and Plaintiff has filed a reply (Dkt. 63). Oral argument was heard September 8, 2006.

    Plaintiff seeks leave to amend her complaint to add a count alleging violation of the Fair Labor Standards Act ("FLSA"). Plaintiff argues among other things that she could not bring this motion earlier because the exact legal status of the Defendant Agency was disputed and was not resolved until Judge Lawson issued a ruling on March 28, 2006. (Dkt. 43.) Plaintiff also points out that the detailed facts underlying the potential FLSA violation were first revealed during the deposition of Defendant Orvosh, which was taken only within the last 60 days. Based on the discovery completed to date, counsel for Plaintiff also argues that whether or not Plaintiff is

considered an exempt employee, she has been the victim of FLSA violations. Plaintiff also notes that the requested amendment applies only to Plaintiff Hughes. During oral argument, counsel for Plaintiff confirmed that the proposed second amended complaint adds no additional parties.

Defendants' primary argument revolves around futility. Defendants argue that Plaintiff's amendments are barred by a two-year statute of limitations. Defendants alternatively argue in its brief that in the event Plaintiff is considered an hourly employee, her claim would at best be *de minimis*. Defendants also argue that if the Plaintiff is considered a salaried employee, Defendants may have a counterclaim against her.

Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings. When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. FED. R. CIV. P. 15(a). When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend pleadings is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

In this circuit:

> Under Fed. R. Civ. P. 15(a), leave to amend a pleading shall be freely given "when justice so requires." Several factors should be considered in determining whether to grant a motion to amend.

2

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.
>
> *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). *See also Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998), *cert. denied*, 528 U.S. 842, 120 S. Ct. 110, 145 L. Ed. 2d 93 (1999).

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

As I weigh these factors, I conclude that the Defendant has had notice of this proposed claim and that in light of Judge Lawson's Scheduling Order, sufficient time remains both for discovery and for the filing of dispositive motions relating to the issues raised in the proposed Second Amended Complaint. Moreover, the extensive response briefing filed by the Defendants undercuts their assertions of prejudice. As to the Defendants' arguments relating to futility, I am unwilling at this stage to effectively decide a motion to dismiss in the context of a motion to amend. To do so would deny Plaintiff the opportunity already accorded in Judge Lawson's Case Management Order for additional discovery. I further conclude that the issues raised by Defendants are best framed in dispositive motions subsequent to the close of discovery after all parties have had full opportunity to flesh out the facts surrounding their respective positions.

Accordingly, **IT IS ORDERED** that Plaintiff's Renewed Motion for Leave to File a Second Amended Complaint is **GRANTED**. Plaintiff shall file her Second Amended Complaint on or before September 22, 2006.

Review of this Order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED**.

                                                        s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: September 8, 2006                     United States Magistrate Judge

### **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date and electronically served on Brian K. Elder, Patrick D. Filbin, Kim A. Higgs and Laurie J. Michelson.

Dated:  September 8, 2006                     By    s/Mary E. Dobbick
                                                                Secretary to Magistrate Judge Binder