UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENISE HUGHES,

        Plaintiff,

v.

        Case Number 04-10355-BC
        Honorable Thomas L. Ludington

REGION VII AREA AGENCY ON AGING,
a Public Non-Profit Corporation; BRUCE KING,
Individually and as Executive Director of Region
VII Area Agency on Aging; DREW ORVOSH,
Individually and as Assistant Director of Region
VII Area Agency on Aging,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING IN PART AND DIRECTING
SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTION
CHALLENGING PLAINTIFF'S EXPERT TESTIMONY,
DIRECTING THE PARTIES TO MEET AND CONFER
ON DEFENDANTS' MOTION IN LIMINE, AND DENYING
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' WITNESS LISTS**

On December 16, 2004, Plaintiff Denise Hughes filed suit against Defendants Region VII Area Agency on Aging (Region VII); Bruce King, Defendant Region VII's executive director; and Drew Orvosh, Defendant Region VII's assistant director. Defendant Region VII terminated Plaintiff's employment in a program coordinator/public relations capacity on August 6, 2004. She maintains that her termination followed from her May 2004 communications with a reporter at a local newspaper about purported violations of state law and internal policy by Defendant Region VII, after the reporter used her as an unattributed source. Plaintiff filed a first amended complaint on March 14, 2005 that included a claim, *inter alia*, for retaliation for exercising her First

Amendment rights, pursuant to 42 U.S.C. § 1983.

Defendants filed a motion to dismiss and for summary judgment on March 22, 2005, arguing that Defendant Region VII was not a state actor for purposes of § 1983. Judge Lawson denied Defendants' motion to dismiss and for summary judgment on March 28, 2006. After a reasoned analysis of Defendant Region VII's history under state law, a review of state law limits on municipal entities organizing "private" entities, he concluded that Defendant Region VII was a public body or, in the alternative, that state and local government were so entwined with Defendant Region VII as to render it a state actor under *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001). On April 20, 2006, Judge Lawson denied Defendants' motion for reconsideration.

On September 19, 2006, Plaintiff filed a second amended complaint, adding a claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, to her claim of First Amendment retaliation.[1] She alleges that, as of August 19, 2004, the last date for paying her after her termination, Defendant Region VII failed to pay her for up to 240 hours of "comp" or "flex" time, earned over the term of her employment, as required under the FLSA for non-exempt employees. Alternatively, in the event that the Court deems her a salaried and, thus, exempt employee, she alleges that Defendant Region VII must compensate her for two days lost pay when it suspended her on July 7-8, 2004.

Now before the Court are (1) Plaintiff's motion to strike Defendant's motion for summary judgment; (2) Defendants' motion for summary judgment under Federal Rule of Civil Procedure

---

[1] Plaintiff also seeks a "permanent injunction" to impose a variety of remedies that she contends the first two claims warrant.

56(c); (3) Defendants' motion challenging Plaintiff's expert; (4) Defendants' motion in limine due to Plaintiff's purported noncompliance with Defendants' subpoena duces tecum; and (5) Defendants' motion to strike both Plaintiff's lay and expert witness lists.

Regarding Plaintiff's motion to strike Defendants' motion for summary judgment, for reasons stated more fully on the record, the Court denied that motion. The case management and scheduling order of May 22, 2006, which contained the limitation to only one dispositive motion filed without leave of the Court, was issued after Defendants filed their first dispositive motion. Accordingly, the limitation on the number of dispositive motions filed applied only prospectively.

Regarding Defendants' motion for summary judgment, the Court considered Defendants' argument that the Court should revisit Judge Lawson's earlier ruling that Defendant Region VII is a state actor for purposes of 42 U.S.C. § 1983. Under the law of the case doctrine, courts generally should not reopen previously decided issues within the same litigation. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (citations and internal quotations omitted). Although a court has the authority to do so, courts should be reluctant to revisit prior decisions, short of an extraordinary circumstance. *Id*. (citations and internal quotations omitted). Yet when the issue is a court's own prior ruling, the decision to revisit it is discretionary and prudential, rather than beyond the power of the court. *See id*. (citations omitted); *see also Castro v. United States*, 540 U.S. 375, 384 (2003) ("[The doctrine] simply 'expresses' common judicial 'practice'; it does not 'limit' the courts' power.") (citation omitted).

Here, the Court found no reason to revisit Judge Lawson's thorough decision regarding Defendant Region VII's status as a state actor. Defendants have not demonstrated that this case involves an "extraordinary circumstance" that requires revisiting an issue previously decided. The

magistrate judge's recommendation focused on federal law regarding the necessary qualifications for state action; Judge Lawson's opinion focused on federal law, as well as state law concerning the operation of municipal enterprises in Michigan. As to *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001), Judge Lawson concluded that the interrelationship of Defendant Region VII with public bodies also sufficed for state action: only counties and a city comprise the membership of Defendant Region VII; those public entities determine the appointees to Defendant Region VII's board; the vast majority of funding to Defendant Region VII comes from public entities; and the use of those funds remain subject to direct oversight by a state agency. Accordingly, Judge Lawson's opinion addresses the issue, and to the extent that Defendants' motion for summary judgment rests on returning to the issue of Defendants' status as a state actor for purposes of § 1983, Defendants' motion is denied in part.

Regarding Plaintiff's specific claims of First Amendment retaliation and a violation of the FLSA, the Court directed supplemental briefing. The Court requested more specific attention to identifying the allegedly protected statements, as well as any causal connection between the newspaper articles and Plaintiff's employer's actions based on knowledge of Plaintiff's contribution to those articles. Additionally, the parties should address whether Plaintiff's alleged statements are protected speech on a matter of public concern and, if so, whether Plaintiff's free speech interests outweighed the efficiency interests of Defendant Region VII as an employer. *See Rose v. Stephens*, 291 F.3d 917 (6th Cir. 2002); *Garcetti v. Ceballos*, ___ U.S. ___; 126 S.Ct. 1951 (2006); *Mahronic v. Walker*, 800 F.2d 613 (6th Cir. 1986); *Rankin v. McPherson*, 483 U.S. 378 (1987).

Finally, regarding the alleged violations of the FLSA, the Court concluded that Plaintiff's

claim is barred by the statute of limitations under 29 U.S.C. § 255(a).[2] Generally, an employee must bring a claim under the FLSA in two years, but a claimant who seeks to receive the benefit of the three-year statute of limitation must show that an employer acted with knowledge or with reckless disregard. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiff's insistence on the clarity of the applicable law, coupled with the fact that her employer acknowledged researching the law, does not equate with a knowing violation of or reckless disregard for the FLSA. Thus, the two-year statute of limitation applies to Plaintiff's FLSA claim. In her response brief, Plaintiff contends that her FLSA claim accrued on August 19, 2004, the last date on which Defendant owed her a payment. Yet she filed her amended complaint including that claim on September 19, 2006. Consequently, the two-year statute of limitations under 29 U.S.C. § 255(a) bars Plaintiff's FLSA claim. Despite that bar, the Court granted Plaintiff's oral motion to provide supplemental briefing on the possibility that Defendants engaged in an ongoing violation of the FLSA.

Regarding Defendants' motion challenging Plaintiff's damages expert, Defendants contend that Plaintiff's damages expert lacked knowledge of Plaintiff's earnings at her current employment and, so, could not compare her earnings from her position with those at her prior employment with Defendant Region VII. Yet Plaintiff conceded that she seeks damages only for lost wages and

---

[2]29 U.S.C. § 255(a) provides:

    [I]f the cause of action accrues on or after the date of the enactment of this Act [enacted May 14, 1947]–[a cause of action] may be commenced within two years after the cause of action accrued, and every such action *shall be forever barred unless commenced within two years* after the cause of action accrued, except that a cause of action arising out of a *willful violation may be commenced within three years* after the cause of action accrued . . . .

(Emphasis added.)

benefits that arose during the time period between her jobs. Accordingly, the Court denied Defendants' motion to bar Plaintiff from providing any expert testimony on damages.

Regarding Defendants' motion in limine regarding Plaintiff's purported noncompliance with Defendants' subpoena for the production of documents, the Court ordered, for reasons stated more fully on the record, that the parties meet and confer to resolve this issue.

Regarding Plaintiff's motion to strike Defendants' lay and expert witnesses for filing them one day late, the Court denied the motion for reasons stated more fully on the record.

Accordingly, it is **ORDERED** Plaintiff's motion to strike Defendants' motion for summary judgment [dkt #78] is **DENIED**.

It is further **ORDERED** that Defendants' motion for summary judgment [dkt #73] is **DENIED IN PART**, as to Defendants' argument to revisit Judge Lawson's prior ruling that Defendant Region VII is a state actor, for purposes of 42 U.S.C. § 1983, and **DENIED IN PART WITHOUT PREJUDICE** as to count 2. Count 1 is taken under advisement. The Court will resolve the remaining issues as to counts 1 and 2 upon receipt of supplemental briefing.

It is further **ORDERED** that the parties are **DIRECTED** to provide supplemental briefing on the following issues pertaining to Defendants' motion for summary judgment [dkt #73]: (1) record support identifying the content of Plaintiff's purportedly First Amendment-protected speech; (2) the existence of any causal connection between the newspaper articles and Plaintiff's employer's knowledge of her contribution to those articles; and (3) the possibility that Defendants engaged in an ongoing violation of the FLSA. The supplemental briefing shall be filed on or before **March 6, 2007**.

It is further **ORDERED** that Defendants' motion to challenging Plaintiff's expert testimony

[dkt #74] is **DENIED**.

It is further **ORDERED** that Defendants' motion in limine for production of documents [dkt #88] is **DENIED WITHOUT PREJUDICE**. The parties shall meet and confer on or before **March 6, 2007** to resolve the issue of Plaintiff's production of documents. In the event that the parties are unsuccessful, they may apply to the Court for appropriate relief.

It is further **ORDERED** that Plaintiff's motion to strike Defendants' witness lists [dkt #89] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 22, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS